IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HARVEY B. SEAY, JR.,

                Petitioner

VS.

WARDEN DANFORTH,

                Respondent

NO. 5:05-CV-333 (CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Respondent WARDEN DANFORTH has filed a motion to dismiss petitioner HARVEY B. SEAY's habeas corpus petition as being untimely filed pursuant to the AEDPA's one year statute of limitations. Tab #45. The respondent's motion is supported by an attached brief. After being advised of his right to do so, Seay has responded to the respondent's motion. Tab #48.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent Danforth has shown the court that petitioner Seay is currently serving a sentence for five counts of sale and distribution of cocaine and five counts for sale/distribution of cocaine within 1,000 feet of a school for which he was found guilty by a jury on April 28, 1997.

The AEDPA "clock" began to run when the petitioner Seay's convictions became final. This occurred when he moved the court to voluntarily dismiss his motion for a new trial. An order on his motion was filed under date of July 28, 1997. Seay next challenged his convictions by filing a *state* habeas corpus petition in Calhoun County on February 18, 1998. This petition was denied on December 21, 1998. The petitioner did not take another step to challenge his convictions until April, 16, 2001, more than two years after his state habeas corpus petition was denied. Since the total "untolled" time between the petitioner's conviction becoming final and the instant petition is more than one year, the instant f*ederal* petition is untimely filed under the AEDPA..

Petitioner Seay does not dispute the calculations provided by the respondent (and referenced above), but rather argues that the one year limitations period should not apply to his petition because his constitutional rights were denied and there were "exceptional circumstances." Seay also contends that there has been an absence of available state corrections processes. Tab #48 at 1-2. Seay's argument is unpersuasive. He clearly was afforded *consideration* of his grounds for relief in the state courts but simply failed to timely pursue his allegations in federal court.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #45) be GRANTED, and that petitioner Seay's petition for federal habeas corpus relief be DENIED as untimely filed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 5th day of DECEMBER, 2006.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE